UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA          JUDGMENT INCLUDING SENTENCE
                -v-               UNDER THE SENTENCING REFORM ACT

DENNIS JOHNSON                    CASE NUMBER: CR-03-1368 (ARR)
----------------------------------x   JASON L. SOLOTAROFF, ESQ
                                  207 WEST 25th STREET, 4fl.
                                  NEW YORK, NEW YORK 10001
                                  Defendant's Attorney & Address

THE DEFENDANT:
XXX pleaded guilty to count two of the superseding indictment.
___ was found guilty on counts                    after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 846, 841 & 841(b)(1)(C) | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA. | TWO (2) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)        and is discharged as
    to such count(s).
XXX Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special
    assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #___ __ ____            APRIL 12, 2006
                                          Date of Imposition of Sentence
Defendant's Date of Birth 4/1/64

Defendant's Mailing Address:                 ALLYNE R. ROSS, U.S.D.J.

124-23 193RD STREET                          APRIL 12, 2006
                                                  Date
SPRINGFIELD GARDENS, NEW YORK 11413
                                          A TRUE COPY ATTEST
Defendant's Residence Address:         Date:_____
                                          ROBERT C. HEINEMANN
      ( SAME AS ABOVE )                      CLERK OF COURT

                                       By:_____

                                          DEPUTY CLERK

## SUPERVISED RELEASE

   Upon release from imprisonment, the defendant shall be on supervised release for a term of



   While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL NOT POSSESS ANY FIREARMS.


___   The defendant shall pay any fines that remain unpaid at the commencement
      of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: DENNIS JOHNSON
Case Number: CR-03-1368(ARR)

Judgment - Page

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00 , consisting of a fine of $ N/A and a special assessment of $ 100.00 .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

```
1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
2    ------------------------------------x
     UNITED STATES OF AMERICA,
3                 Plaintiff,
                                              03 CR 1368
4

5         versus            United States Courthouse
                            225 Cadman Plaza East
6                           Brooklyn, N.Y.  11201
     DENNIS JOHNSON,
7
                 DEFENDANT.
8
     ------------------------------------x
9
                                      April 12,  2006
10                                    2:05 p.m.
            TRANSCRIPT OF SENTENCE
11   Before:  HON. ALLYNE R. ROSS,
                                    DISTRICT COURT JUDGE
12
                         APPEARANCES
13
     ROSLYNN R. MAUSKOPF
14   United States Attorney - Eastern District of New York
     One Pierrepont Plaza
15   Brooklyn, New York  11201
            MICHAEL RAMOS, ESQ.
16          STEVEN D'ALESSANDRO, ESQ.

17   Assistant United States Attorney

18   ATTORNEY FOR DEFENDANT:

19   JASON SOLOTAROFF, ESQ.

20

21   Court Reporter:  ALLAN R. SHERMAN, CSR, RPR
                      225 Cadman Plaza East Rm 374
22                    Brooklyn, New York  11201
                      Tel: (718) 260-2529  Fax: (718) 254-7237
23

24

25   Proceedings recorded by mechanical stenography, transcription
     by CAT.
```

1   THE COURT: First of all, I should note that having
2   reviewed the allocution of Mr. Johnson's guilty plea before
3   Judge Mann, I agree with her recommendation and find that it
4   is knowingly and voluntarily and intelligently made and that
5   there is a factual basis for the plea and I therefore accept
6   the guilty plea.
7            The advisory guidelines calculation set forth in the
8   plea agreement and as found by the probation department in the
9   presentence report is not disputed by the parties and is
10  therefore adopted, commencing with a base offense level of 28,
11  defendant is accorded a two level deduction for the safety
12  valve, a three level role deduction and a three level
13  deduction for acceptance of responsibility. Thus, his
14  adjusted offense level is 20, which with a criminal history
15  category of one carries a range of imprisonment of 33 to 41
16  months.
17           Similarly undisputed are the facts and circumstances
18  of defendant's offense. In approximately August of 2003,
19  defendant told Adams of a potential investment in a three
20  quarter ton shipment of marijuana coming from Arizona.
21  Knowing that there was bad blood between Adams and the
22  marijuana source, defendant agreed to act as a front man
23  concealing Adams' identity as an investor in the shipment.
24  The report specifies that this venture was in total of six
25  weeks duration but there is no evidence as to whether and to

what extent Johnson was to benefit by his participation.

At defendant's allocution, the government and defendant agreed that the crux of defendant's offense was delivering $12,000 from Adams to another, knowing that the purpose of the money was to invest in a marijuana shipment.

Ultimately, the shipment was seized before reaching its destination. The offense is a moderately serious one. Unlike most of his codefendants, however, its seriousness is not exacerbated by any corrupted use of his airport job in committing the offense.

Like his codefendants, the offense did not involve the use of weapons or violence of any kind.

Turning to the history and characteristics of the defendant. Mr. Johnson is a 41 year old naturalized citizen from Jamaica. He is married with two children ages 12 and 15 and lives in a home that he and his wife purchased in Queens. Defendant has four other children from prior relationships. Of these, defendant has brought two children from Jamaica to reside with him and his wife in the United States. The daughter is a college student. The son is currently incarcerated. A fifth child now 15 years old lives with his mother in Queens and defendant has provided financial support of approximately $30 per week.

While defendant's incarceration would no doubt adversely affect his family financially and emotionally

defendant's wife is employed as a nursing assistant and her income is supplement by approximately $1,500 monthly in rental income from apartments in her home. Defendant has maintained a strong and steady employment record throughout and has even managed to maintain his employment since his arrest in November of the 2003.

He has no prior convictions or arrests and has never before had a brush with the law. Defense counsel contend and the government does not dispute that following his arrest, defendant made a good-faith effort to cooperate with the government, including an offer to testify.

As the government was unable to make sufficient use of his cooperation, however, he was not given a 5K letter. Notwithstanding the absence of such a letter, I believe defendant's good-faith efforts to cooperate evidence a level of remorse and contrition that may properly be taken into consideration in assessing a defendant's personal characteristics under the sentencing statute.

I also note that letters from defendant's family and friends submitted by his counsel attest that defendant is hard-working and otherwise of good character and sincerely committed to his family.

These positive factors and what I view as the low likelihood of defendant's recidivism militate for some leniency under the sentencing statute.

1    Given all of the facts and circumstances of
2 defendant and his offense, I conclude that a prison term of
3 six months is of sufficient but no greater severity than
4 necessary to accomplish the goals of sentencing under the
5 statute.  Though defendant's crime is a serious one, it is
6 mitigated somewhat by his personal history and
7 characteristics.
8    I therefore conclude that it serves the ends of just
9 punishment and protection of the public, provides adequate
10 deterrence to criminal conduct and does not run afoul of the
11 requirement that it not promote unwarranted sentencing
12 disparities.
13    I therefore sentence Mr. Johnson to the custody of
14 the Attorney General for a period of six months to be followed
15 by a three year period of supervised release with a special
16 condition that I prohibit the procession of a firearm.  I make
17 a finding that he is unable to pay a fine but I will impose
18 the mandatory 100-dollar special assessment.
19    MR. SOLOTAROFF:  I'm sorry, your Honor, would
20 your Honor -- I assume your Honor has already made up your
21 mind but would your Honor consider in any way allowing him to
22 do the 6 months in home confinement so that he can continue
23 working during that period?
24    THE COURT:  Is there any reason to believe that he s
25 going to lose his job?

MR. SOLOTAROFF: He has -- first of all, as you can see from the probation report, it's a pretty fine line they are walking on in even losing his barbering wages for those six months. I think it could be enough to sort of tilt things in a bad direction and the probation department talks about a negative cash flow of $600 a month so there is that.

Also, I'm not sure, he obviously has a skill but he is in a good place now and I'm sure they are going to find someone to replace him and I'm not sure he is going to end up back there.

I know that your Honor has -- I don't think that his offense is any more serious than some of the other defendants your Honor has sentenced who have gotten that type of sentence.

THE COURT: I've only sentenced one defendant to that type of sentence.

MR. SOLOTAROFF: I just had heard about one.

THE COURT: There is only one.

MR. SOLOTAROFF: Okay. I think -- I understand what your Honor intends. I just think that in this case the family's finances are fairly precarious and given that, the home confinement would accomplish some of the same things of incarceration. I think some of my clients who have home confinement would rather be in prison but it would allow him to continue working and I would ask your Honor to consider it.

1  MR. RAMOS: Our position would be that sentence as
2  it is is already an extraordinarily departure downwards. And
3  I don't think -- certainly his absence from the home would
4  have a financial impact but as we set forth in our letter,
5  it's not as severe as it may seem at first blush.
6      THE COURT: Yes, particularly with the
7  supplementation of the rental income, I don't believe that it
8  would have -- I have thought a lot about this.
9      MR. SOLOTAROFF: I'm sure, judge.
10     THE COURT: And I realize that incarceration is
11 hard. The reality is he chose to take affirmative steps to
12 involve himself in a narcotics deal. I realize he got caught
13 up because they were looking for something else but there he
14 was.
15     We are well below what his guideline would be and
16 although I wish I felt comfortable accommodating him, I don't.
17     MR. SOLOTAROFF: Thank you, judge.
18     MR. RAMOS: Dismissal of the open counts of the
19 superseding and the underlying indictment.
20     THE COURT: The application is granted.
21     Mr. Johnson, there is circumstances in which a
22 defendant may appeal a sentence. I'm not sure that will apply
23 in your case but you discuss that with Mr. Solotaroff. If you
24 choose to appeal, a notice of appeal must be filed within 10
25 days and I'm sure Mr. Solotaroff will continue to represent

1  you on appeal.

2  MR. SOLOTAROFF: Could your Honor also recommend
3  that Mr. Johnson be designated as close as possible.

4  THE COURT: I certainly will. My guess is that
5  given the length of the sentence, he will be right in New
6  York.

7  MR. RAMOS: Reporting date, your Honor?

8  MR. SOLOTAROFF: About 30 days, judge.

9  THE CLERK: May 23rd.

10  MR. SOLOTAROFF: All right.

11  THE CLERK: May 23rd at noon.

12  MR. RAMOS: Thank you, your Honor.

13  (Matter concluded.)

ALLAN R. SHERMAN, CSR, RPR   Official Court Reporter
United States District Court   Eastern District of New York